IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:10CR223 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | FINDINGS, RECOMMENDATION |
| SHAWN MICHAEL SINNER, ) | AND ORDER |
| ) | |
| Defendant. ) | |

This case is before the court on the defendant's Motion to Dismiss (#27). The defendant moves the court for an order dismissing his case with prejudice. The defendant alleges that the government has violated the United States Attorney's *Petite* policy[1] and violated his Fifth Amendment rights under the United States Constitution based upon a claim of double jeopardy. The government counters that the *Petite* policy does not confer substantive rights on a defendant and, further, that they secured authority to prosecute the defendant under the policy. The government also claims that the Fifth Amendment has not been violated as their current prosecution is by a separate sovereign.

The defendant is charged in a one-count indictment with production/manufacturing of child pornography allegedly occurring between June 2008 and March 2009. Specifically,

---

[1] *See Petite v. United States*, 361 U.S. 529 (1960).

Under the *Petite* policy, first recognized in *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960),

United States Attorneys are forbidden to prosecute any person for allegedly criminal behavior if the alleged criminality was an ingredient of a previous state prosecution against that person. An exception is made only if the federal prosecution is specifically authorized in advance by the Department [of Justice] itself, upon a finding that the prosecution will serve "*compelling interests of federal law enforcement.*" *Thompson v. United States*, 444 U.S. 248, 100 S.Ct. 512, 62 L.Ed.2d 457 (1980) (emphasis added).

*United States v. Kummer*, 15 F.3d 1455, 1461 (8th Cir.1994).

the indictment alleges that he did persuade, induce, entice, and coerce a person under the age of eighteen to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, such visual depictions having been produced using materials that had been mailed, shipped and transported in interstate and foreign commerce by means including by computer, including but not limited to HP Compaq desktop computer with a Seagate 750GB hard drive, in violation of Title 18 U.S.C. § 2251(a).

The defendant was previously charged (Ex. 4) in state court in Nebraska, plead guilty and was sentenced on February 22, 2010 (Ex. 5) in the Hall County District Court, to possession of visual depiction of sexually explicit conduct on March 17, 2009, a Class IV felony. In January 2010 additional images were found on the defendant's computer which allegedly depicted the sexual assault of a minor child by the defendant. An additional charge of sexual abuse of a child was filed in state court. That charge was later dismissed on May 18, 2010 (Ex. 7) after a Nebraska district judge found that the plea agreement in the earlier case barred the evidence. The United States Attorney for the District of Nebraska later became aware of the subsequently discovered computer images and the current indictment resulted.

## LEGAL ANALYSIS

### A.  Dismissal for violation of the Department of Justice's *Petite* Policy

The *Petite* policy "confers no substantive rights on a criminal defendant." *United States v. Larsen*, 427 F.3d 1091, 1094 (8th Cir. 2005) (citing *United States v. Leathers*, 354 F.3d 955, 962 & 962 n.5 (8th Cir.), *cert. denied,* 543 U.S. 844 (2004)). Thus, the defendant is not entitled to any relief even if the government acted contrary to the *Petite*

policy. However, in this case I find the evidence demonstrates that the government followed the *Petite* policy and secured authority from the Department of Justice to pursue the prosecution of the defendant for manufacturing and production of child pornography. The court takes judicial notice of U.S. Department of Justice letter of June 9, 2010 attached to the government's brief (#30).

### B. Dismissal Based upon Double Jeopardy

The United States and the State of Nebraska are separate sovereigns, and a subsequent prosecution by a separate sovereign does not violate the United States Constitution. *See, e.g., United States v. Vinson*, 414 F.3d 924, 928-29 (8th Cir. 2005).

> While the United States Supreme Court has suggested that a state prosecution that is merely a "sham and a cover" for a duplicative federal prosecution may be impermissible, *Bartkus v. Illinois,* 359 U.S. 121, 123-24 (1959), this possibility affords no basis for relief in this case. [Defendant] was the subject of a subsequent federal, not state, prosecution ... and more importantly, [Defendant] has offered no evidence that the federal prosecution operated as a "sham and cover" to disguise a second prosecution in which the United States Attorney was a mere "tool" of the State[.]

*Id.* at 929 (citations omitted). *See also United States v. Leathers,* 354 F.3d at 959-60.

In order to prevail on a claim for selective prosecution, the defendant must show, "'1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights.'" *United States v. Leathers,* 354 F.3d at 963. The defendant has failed to produce such evidence.

A transcript of the hearing has been ordered.

## RECOMMENDATION

For the reasons discussed above,

**IT IS RECOMMENDED** that defendant's Motion to Dismiss (#27) be denied in its entirety.

## ORDER

Pursuant to NECrimR 59.2, any objection to the magistrate's Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after the unredacted transcript is available to counsel. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

**DATED September 9, 2010.**

BY THE COURT:

s/ F.A. Gossett, III
**United States Magistrate Judge**