N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:10CR223 |
| v. | ) | |
| SHAWN MICHAEL SINNER, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on defendant's objections, Filing No. 40, to the Findings and Recommendations, Filing No. 39, of the magistrate judge. A federal grand jury indicted the defendant for violation of 18 U.S.C. § 2251(a), for persuading, using, inducing, coercing, and enticing someone under the age of eighteen to engage in sexually explicit conduct by use of a computer. Filing No. 11. The defendant filed a motion to dismiss the indictment, Filing No. 27, on the basis that he previously pled guilty to possession of child pornography, a class IV felony, in Hall County Nebraska District Court, pursuant to a plea agreement. One of the conditions of the plea included no further prosecution for anything related to this state court charge. The federal government was not a party to this state court plea agreement. Following the defendant's plea in state court, the forensics analysts at the Nebraska State Laboratory found videos of the defendant having sex with a three-year-old child, who the defendant believed was his child. Later testing showed that this child was not the defendant's biological son. At a later date the state prosecutor reviewed the evidence and decided there existed further criminal behavior on the part of the defendant. Thereafter, the state charged the defendant with sexual assault of a minor child. Defense counsel moved to dismiss on the basis of the plea

agreement. State Court Judge Livingston concluded that the plea agreement was ambiguous, and when viewed in the light most favorable to the defendant, Judge Livingston dismissed the new charges with prejudice. Thereafter, the prosecutor notified the United States Attorney, who then filed the charge in this case for manufacturing child pornography based on the same incident and evidence as the state court charge. The United States Attorney had not previously been involved with the state court prosecution. The defendant files this motion to dismiss and argues that the continued prosecution in federal court violates his Fifth Amendment rights and the principle of double jeopardy.

The government argues that the defendant is simply wrong as to the double jeopardy claim, because the defendant is prosecuted by two separate sovereigns, and thus double jeopardy is not applicable. Also, the government has a Department of Justice *Petite* policy it must comply with before it files a prosecution where a state prosecution has already occurred.[1] The government contends it followed that policy and secured permission from the Department of Justice to prosecute the defendant. The parties do not contest that this occurred. In any event, argues the government, this policy confers no substantive rights on the defendant. See *United States v. Simpkins*, 953 F.2d 443, 445 (8th Cir. 1992). On June 9, 2010, the Criminal Division of the Department of Justice authorized the prosecution. The letter stated:

> This refers to your request for a waiver of the Department's Petite Policy in order to prosecute Shawn Sinner for production of child pornography, in violation of 18 U.S.C. § 2251(a), notwithstanding his prior prosecution in state court for an offense involving the same act or transaction. After

---

[1] The *Petite* policy is an internal policy of the Department of Justice that separate offenses arising out of a single transaction should not be the basis of a successive federal indictment. If the United States Attorney wishes to prosecute a case already prosecuted at the state level, the United States Attorney must seek and receive approval from the Attorney General.

> reviewing your request, I have concluded that the *Petite* Policy applies. A waiver of the policy is appropriate, however, because the state prosecution has left a substantial federal interest unvindicated. Accordingly, you are authorized to prosecute Shawn Sinner for the above listed offense.

Filing No. 30 at 6.

The magistrate judge determined that the *Petite* policy confers no substantive right on a defendant. Further, the magistrate judge found that no double jeopardy problem existed, as the two different sovereigns filed the charges. This court has reviewed the findings of the magistrate judge *de novo* and agrees with both findings. See 28 U.S.C. § 636; NECrimR 57.3(a).

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. Amend. V. The Double Jeopardy Clause embodies three protections: "It protects against the second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *United States v. Halper*, 490 U.S. 435, 440 (1989). The government argues that dual sovereignty permits both a state and federal prosecution for the same conduct. *United States v. Kummer*, 15 F.3d 1455, 1461 (8th Cir. 1994). The Fifth Amendment only applies to the federal government. *See, Abbate v. United States*, 359 U.S. 187, 194 (1959). The defendant was prosecuted in state court for possession of child pornography and in federal court for the manufacture of child pornography. The court finds that the United States and the State of Nebraska are separate sovereigns. Therefore, they are entitled to pursue their various claims in each

court, absent evidence of selective prosecution. There has been no showing of selective prosecution in this case. *See* United States v. Leathers, 354 F.3d 955, 963 (8th Cir. 2004). Further, the court finds that the *Petite* policy "confers no substantive rights on a criminal defendant." United States v. Larsen, 427 F.3d 1091, 1094 (8th Cir. 2005) (*citing* Leathers, 354 F.3d at 962 & 962 n.5 (8th Cir. 2004). In any event, the government clearly followed the *Petite* policy. Accordingly, the court will overrule the objections of the defendant and adopt the findings and recommendation of the magistrate judge in their entirety.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to dismiss, Filing No. 27, is denied;

2. Defendant's objections, Filing No. 40, are overruled; and

3. The Findings and Recommendation of the magistrate judge, Filing No. 39, are adopted in their entirety.

DATED this 1st day of October, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.*